Ronald J. PORTER, Plaintiff–Appellant,

v.

UNITED STATES NAVY, Defendant,

and

Gordon R. England, Defendant–Appellee.

No. 05–15639.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2007.*

Filed Feb. 26, 2007.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Elaine Wallace, Esq., Oakland, CA, for Plaintiff-Appellant.

Brian W. Enos, Esq., USF—Office of the U.S. Attorney, Fresno, CA, for Defendant-Appellee.

Before: RYMER and SILVERMAN, Circuit Judges, and REED,** District Judge.

** The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

## MEMORANDUM ***

Ronald Porter appeals the district court's judgment in favor of the Secretary of Navy after a bench trial on his unlawful retaliation claim. We affirm.

▮ The district court did not clearly err in finding that Navy personnel were not motivated by retaliatory animus. Nancy Cleland and Edward Rockdale's research indicated that it was not appropriate to timecard official time for activities on behalf of another bargaining unit. Sending the letter directly to Porter, while copying his supervisors, is not evidence of a retaliatory motive because it was customary to send such letters to employees— after all it was Porter's two hours of pay that was at issue—and his supervisors were ultimately responsible for the accuracy of his timecard.

▮ Nor did the district court abuse its considerable discretion in denying Porter's motions in limine and declining to issue discovery sanctions for failure to comply with Fed.R.Civ.P. 26(a). The failure was harmless given that the case law on which Rockdale and Cleland relied was part of the administrative record that Porter had, and Porter knew about the Navy's five proposed witnesses because their names, too, were part of the administrative record. With respect to Porter's post-trial motion, to the extent he complains about "use" of previously undisclosed documents and individuals, he failed to preserve the issue because he didn't object at trial when the evidence was offered. To the extent that the issue is preserved, the district court did not abuse its discretion in determining that the evidence about which Porter evi-

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dently complains was "contextual or background" evidence.

AFFIRMED.

REED, District Judge, concurring:

I write separately to explain the bases for my concurrence with the majority.

Only one of Porter's pre-trial motions in limine was based on Rule 26(a); the other motion was based on his document requests and interrogatories. Some of the evidence that Porter argues should not have been admitted or mentioned at trial appears to have been within the scope of his discovery requests. Nevertheless, Porter's pre-trial motions simply did not address this evidence. Thus, while job order number accounting documents might well have been relevant to Porter's allegations of pretext, there is no evidence that these documents were guidelines or policies. Because "the substance of the objection [had not] been thoroughly explored during the hearing on the motion in limine," *Scott v. Ross*, 140 F.3d 1275, 1285 (9th Cir.1998), and because the trial court had not made a "definitive ruling" regarding any of the evidence, *Elsayed Mukhtar v. California State University, Hayward*, 299 F.3d 1053, 1062–3 (9th Cir.2002), Porter was not relieved of his obligation to make contemporaneous objections at trial. The admission of the evidence at trial without objection was not plain error and the decision not to strike the evidence after trial pursuant to an untimely motion was not an abuse of discretion. In my view, had Porter made timely objections at trial we would confront a very different situation. If the majority is suggesting that we can conclude that the results would necessarily be the same, I disagree.

I also concur with the majority in concluding that the district court's findings with respect to Porter's retaliation claim were not clearly erroneous. I note, however, that in my view the record does not support the majority's apparent conclusion that Porter's entire chain of command was specifically responsible for the accuracy of his timecard. Further, distributing a disciplinary or quasi-disciplinary letter to a civilian military employee's entire chain of command could, in other circumstances, constitute retaliation. Here, however, although the practice was subsequently changed, at the time it was the practice to distribute personnel letters in this way. There is no evidence that this practice was adopted with Porter in mind.

With these observations and caveats, I join the majority opinion.